UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| FREDRICK JAMES DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:10-CV-180-SNLJ |
| ) | |
| JEFF NORMAN, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis [Doc. #2]. Plaintiff, an inmate at the Southeast Correctional Center, has filed at least three previous cases that were dismissed as frivolous, malicious, or for failure to state a claim.[1] Under 28 U.S.C. § 1915(g), therefore, the Court may not grant the motion unless plaintiff was "under imminent danger of serious physical injury" at the time the complaint was filed. See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)(imminent danger of serious physical injury must exist at the time the complaint is filed).

After reviewing the complaint, the Court finds no allegations that would show that plaintiff was in imminent danger of serious physical injury when he filed his complaint on or about

---

[1] See Davis v. State of Missouri, Case No. 4:08-CV-1481 DDN (E.D. Mo.); Davis v. State of Missouri, Case No. 4:08-CV-1927 CAS (E.D. Mo.); Davis v. Mitchell, Case No. 4:09-CV-439 RWS (E.D. Mo.).

November 3, 2010.[2] As a result, the Court will deny the motion for leave to proceed in forma pauperis and will dismiss this action without prejudice to refiling as a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  7th   day of  January , 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[2]Plaintiff alleges that he was found guilty of a sexual misconduct violation on October 6, 2010, and was given "one hundred days in disseg [sic]." He claims that, for nine days in mid-October 2010, he suffered from "mental anguish, hunger, and depression" after being served an "alternate meal" of cold meatloaf, which he refused to eat. In addition, plaintiff claims that he did not see a doctor about his nutritional needs during that nine-day period.